UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDDIE TYREESE GUYTON,

    Plaintiff,

    v.                                CAUSE NO. 3:23-CV-339-DRL-JPK

INDIANA STATE OF *et al.*,

    Defendants.

## OPINION AND ORDER

Eddie Tyreese Guyton, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Guyton alleges that he was arrested and prosecuted after an associate of his falsely reported that Mr. Guyton had assaulted, robbed, and confined him in Mr. Guyton's basement. Mr. Guyton was apprehended in response to the allegations, and he alleges that he was injured during his apprehension. He further alleges that he didn't receive prompt care at the St. Joseph County Jail following his arrest. Mr. Guyton has sued Deputy Prosecuting Attorney Kristin Kocsis, St. Joseph Superior Courts, and "State of Indiana, County of St. Joe." ECF 1 at 1.

As an initial matter, Mr. Guyton cannot proceed against Deputy Prosecuting Attorney Kristin Kocsis because she is immune from suit. Prosecutors are entitled to immunity for their actions in the criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

Mr. Guyton likewise cannot proceed against the St. Joseph Superior Courts. Local government liability under 42 U.S.C. § 1983 is dependent on an analysis of state law, and under Indiana law a superior court is not an entity that has the capacity to sue or be sued. *See* Ind. Code § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (under Indiana law only counties, municipalities, townships, and other entities listed in Ind. Code § 36-1-2-10 have the capacity to sue or be sued).

The complaint does not explain why Mr. Guyton is trying to hold to hold either the State of Indiana or St. Joseph County liable. Additionally, the State of Indiana is not a "person" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). Furthermore, to state a claim against a municipal defendant under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he must allege the existence of an unconstitutional official policy or practice. However, Mr. Guyton hasn't made such an allegation. Therefore, he may not proceed against either the State of Indiana or St. Joseph County

This complaint doesn't state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Guyton may file an amended complaint because "[t]he usual standard in civil cases

is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Eddie Tyreese Guyton until **November 21, 2023**, to file an amended complaint; and

(2) CAUTIONS Eddie Tyreese Guyton if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 30, 2023                              *s/ Damon R. Leichty*
                                              Judge, United States District Court